WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Bialis, et al., | No. CV-23-00318-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| Catalina Foothills Unified School District No. 16, et al., | |
| Defendants. | |

On July 21, 2023, Plaintiff Z.B., by and through his parents Jonathan and Tiffanie Bialis ("Mr. and Mrs. Bialis"), filed a First Amended Complaint ("FAC") against Defendants Catalina Foothills Unified School District No. 16 ("CFUSD"), Dr. Mary Kamerzell, Doug Huie, Dr. Erin Matyjasik, Denise Bartlett, and Dana Mulay. (Doc. 4.) Defendants filed a Partial Motion to Dismiss (Doc. 6), which this Court partially granted (Doc. 16). In relevant part, the Court held that Plaintiff's FAC stated an equal protection claim pursuant to 42 U.S.C. § 1983 against Defendant Mulay premised on deliberate indifference to known peer harassment, but that it failed to state such a claim against Defendants Matyjasik, Huie, Kamerzell, and Bartlett. (Doc. 16 at 12-13.) The Court found it was possible that Plaintiff could state a viable equal protection claim against those individual defendants through the allegation of other facts and therefore granted Plaintiff leave to amend. (*Id.* at 13.)

Plaintiff filed a Second Amended Complaint ("SAC") on January 5, 2024. (Doc. 22.) The SAC asserts a § 1983 claim in Count Three against Kamerzell, Bartlett, and

Mulay but no longer asserts a claim against Matyjasik or Huie. (*See id.* at 18-19.) On January 19, 2024, Defendants filed a Partial Motion to Dismiss the SAC, asserting that the SAC fails to state a claim against Kamerzell and Bartlett. (Doc. 23.) Plaintiff filed a Response and alternative Motion to Amend on February 2, 2024 (Doc. 25), and Defendants filed a Reply on February 9, 2024 (Doc. 26).

Also pending before the Court is the parties' Stipulated Motion to Extend Case Management Deadlines. (Doc. 28.)

## I. Second Amended Complaint

In the SAC, Plaintiff alleges, in relevant part, the following facts.

Z.B. was previously enrolled as a student at Ventana Vista Elementary School ("the School"), which is operated by CFUSD. (Doc. 22 at 3-4 ¶¶ 10, 22.) Defendant Kamerzell was, at all relevant times, CFUSD's Superintendent and highest-ranking employee. (*Id.* at 2-3 ¶¶ 4, 15.) Defendant Bartlett was CFUSD's Assistant Superintendent and was outranked only by Kamerzell. (*Id.* at 2-3 ¶¶ 5, 16.) Defendant Mulay was the School's Principal and the highest-ranking employee at the School. (*Id.* at 2-3 ¶¶ 6, 17.)

Z.B. suffers from a rare knee condition that impacts his mobility and causes him pain. (*Id.* at 4 ¶ 23.) On September 19, 2021, Mrs. Bialis emailed Mulay to inform her of Z.B.'s knee condition and of his need for a wheelchair. (*Id.* at 4 ¶ 24.) At the time, Z.B. attended classes on the School's second floor, and the elevator was inoperable, so Mrs. Bialis was concerned that Z.B. would be unable to access the second floor. (*Id.* at 4 ¶¶ 26, 29.) Mulay informed Mrs. Bialis that it would be best for Z.B. to scoot on his bottom up and down the stairs. (*Id.* at 4 ¶ 27.) Mrs. Bialis then emailed Matyjasik to report concerns about the inoperable elevator and Mulay's "butt scoot" proposal. (*Id.* at 4 ¶¶ 28-30.) Matyjasik responded that Z.B.'s condition was temporary (despite not having evidence or medical support for that assertion), that a friend was helping Z.B. butt scoot, and that the elevator was not going to be fixed by the time Z.B.'s situation was resolved. (*Id.* at 5 ¶ 33.) Z.B. "was openly mocked and ridiculed by his peers" for having to butt

scoot on the stairs, and butt scooting caused him to suffer humiliation and worsened knee pain. (*Id.* at 5 ¶¶ 34-35.) Defendants were notified of these issues, but they failed to take appropriate action. (*Id.* at 5 ¶ 36.)

Bartlett and Mulay "frequently exchanged emails that contained discriminatory, snide, and insensitive remarks about Z.B. and/or the Bialises," and Bartlett approved and/or authorized Mulay's communications with the Bialises. (*Id.* at 6 ¶¶ 46-47.)

On April 27, 2022, the Bialises emailed several CFUSD representatives, including Mulay and Bartlett, to report that Z.B.'s peers were bullying him and chastising him due to his disability and his inability to reach the second floor of the School without butt scoting up the stairs. (*Id.* at 12 ¶ 115.) Mulay forwarded the email to Kamerzell and inquired how she should proceed. (*Id.* at 12 ¶ 116.) Kamerzell "exhibited an utter disregard for Z.B.'s rights" by responding "that it was up to Mulay to decide whether or not to respond" to the Bialises. (*Id.* at 13 ¶¶ 117-118.) Despite being expressly notified that Z.B. was being bullied by his peers because of his disability, Mulay, Bartlett, and Kamerzell refused to intervene and/or respond "because they believed Z.B. 'antagonized' his peers by indicating he wanted to be included in school activities that were not wheelchair accessible." (*Id.* at 13 ¶¶ 119-121.) "In short, they failed to take appropriate steps to stop the bullying because they believed Z.B. deserved to be bullied for his disability." (*Id.* at 13 ¶ 122.)

On April 28, 2022, Z.B.'s teacher, Erika Larraga, emailed Mulay about the ongoing harassment Z.B. was experiencing from his peers. (*Id.* at 13 ¶ 124.) On the same day, Kamerzell emailed Mulay, advising: "If you and/or the 5th grade teachers can intervene when this type of behavior is reported, that needs to happen. Just like any other altercation between kids when they are making fun or speaking disrespectfully to another." (*Id.* at 13 ¶ 125.) Mulay responded: "nothing was actually said directly to the child," even though Mulay "was fully aware this statement was inaccurate based upon her communications" with the Bialises and Larraga. (*Id.* at 13 ¶ 126.) Kamerzell also knew Mulay's representation was false based, in part, upon her review of communications

between the Bialises, Mulay, and Larraga, but Kamerzell nevertheless failed to take appropriate action. (*Id.* at 14 ¶¶ 127-128.) Z.B. suffered severe emotional distress from his experiences at the School, and the Bialises were forced to enroll Z.B. in private school at considerable expense as a result of CFUSD's failure to accommodate Z.B.'s disability. (*Id.* at 14-15 ¶¶ 132-139.)

## II. Standard of Review

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint need not include "detailed factual allegations," it must contain more than labels, conclusions, "and a formulaic recitation of the elements of a cause of action." *Twombly*, 50 U.S. at 555.

In evaluating a Rule 12(b)(6) motion to dismiss, the court must take as true all well-pleaded factual allegations of the complaint and construe them in the light most favorable to the nonmovant. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the court need not accept as true legal conclusions that are couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

## III. Discussion

Defendants argue that the SAC fails to state an equal protection claim against Kamerzell and Bartlett and that the allegations of the SAC actually undercut a viable equal protection against them. (Doc. 23.) Defendants argue that the allegations of the SAC, and an email exchange referenced therein, show that Kamerzell reasonably

responded to the alleged bullying of Z.B. by directing Mulay to take action. (*Id.* at 6-7.) Defendants further argue that Bartlett was merely copied on an email from the Bialises that was not directly addressed to her, and that there was nothing unreasonable about her not responding when a higher-ranking employee, Kamerzell, had directed Mulay to address the bullying allegations. (*Id.* at 7.) Defendants deny that Kamerzell, Bartlett, and Mulay believed Z.B. deserved to be bullied because of his disability but argue that, even taking that allegation as true, the SAC does not state a claim because only what the defendants did, rather than what they believed, is relevant. (*Id.* at 7-8.) Defendants ask the Court to dismiss Count Three against Kamerzell and Bartlett and to award them their reasonable attorney's fees and costs incurred in defending against Plaintiff's third attempt to state a claim against them. (*Id.* at 8-9.)

In response, Plaintiff asserts that the SAC states a viable equal protection claim against Kamerzell and Bartlett based on both intentional discrimination and deliberate indifference to known peer harassment; that Defendants' Motion fails to address the SAC's allegations of intentional discrimination; and that the Motion improperly asks the Court to resolve factual disputes and draw inferences in Defendants' favor. (Doc. 25.) Plaintiff argues that Defendants' motive is relevant to an intentional discrimination claim, and that the reasonableness of Defendants' alleged conduct is a fact question that cannot be resolved on a motion to dismiss. (*Id.* at 9-10, 13.)

To state a § 1983 claim, a plaintiff must plead that each government-official defendant, through the official's own actions, violated the Constitution; vicarious liability is inapplicable. *Iqbal*, 556 U.S. at 676. A public school official may violate the Equal Protection Clause by treating a student's complaints of harassment differently from other complaints of harassment. *See Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1135 (9th Cir. 2003). To succeed on such a claim, a plaintiff must show that the defendant either "intentionally discriminated" or that the defendant "acted with deliberate indifference" by "'respond[ing] to known peer harassment in a manner that is . . . clearly unreasonable.'" *Id.* (quoting *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 649

(1999)).

The Court agrees with Plaintiff that Defendants' Motion to Dismiss disregards the allegations of intentional discrimination contained in the SAC.  Specifically, the SAC alleges that Bartlett and Mulay frequently exchanged emails containing discriminatory remarks about Z.B., and that Mulay, Bartlett, and Kamerzell refused to intervene regarding the bullying of Z.B. because they believed he was antagonizing his peers by wanting to be included in non-wheelchair-accessible school activities.  (Doc. 22 at 6, 13 ¶¶ 46, 120-122.)  Although Defendants may "strenuously deny" these allegations (Doc. 23 at 7), the Court must accept the allegations as true in ruling on Defendants' Motion to Dismiss.  *See Cousins*, 568 F.3d at 1067.  The Motion to Dismiss also disregards the SAC's allegation that Kamerzell knew Mulay falsely reported that nothing was said directly to Z.B., and yet failed to take further action after receiving Mulay's false report. (*See* Doc. 22 at 14 ¶¶ 127-128.)  Even if the Court were to consider the email exchange attached to Defendants' Motion to Dismiss, the exchange does not conclusively refute the SAC's allegation that Kamerzell knew Mulay provided false information.

Because the SAC contains allegations sufficient to state a claim for intentional discrimination in violation of the equal protection clause, and because the SAC's allegations are also sufficient to state a claim that Kamerzell was deliberately indifferent to known peer harassment, the Court will deny Defendants' Partial Motion to Dismiss the SAC.

### IV.   Stipulated Motion to Extend Case Management Deadlines

In their Stipulated Motion to Extend Case management Deadlines, the parties request an approximately three-month extension of pending deadlines in this case.  (Doc. 28.)  At the time the Stipulated Motion was filed, Defendants' Motion to Dismiss remained pending, and the parties requested the extension given the effect that resolution of the Motion to Dismiss would have on the scope of discovery.  (*Id.*)  As the Court has now resolved the Motion to Dismiss, it finds that the full three-month extension requested is unnecessary.  However, the Court will grant an approximately two-month extension of

pending deadlines.

**IT IS ORDERED** that Defendants' Partial Motion to Dismiss Second Amended Complaint (Doc. 23) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 25) is **denied as moot**.

**IT IS FURTHER ORDERED** that the parties' Stipulated Motion to Extend Case Management Deadlines (Doc. 28) is **partially granted and partially denied**. The deadlines set forth in the Court's Scheduling Order (Doc. 17) are **amended** as follows:

1. Plaintiffs' initial expert disclosures are due on or before **June 21, 2024**.
2. Defendants' initial expert disclosures are due on or before **July 12, 2024**.
3. Rebuttal expert disclosures are due on or before **August 9, 2024**.
4. All discovery shall be completed on or before **August 30, 2024**.
5. Dispositive motions are due on or before **September 27, 2024**.
6. The parties shall file a Joint Status Report regarding good-faith settlement negotiations on or before **September 13, 2024**, and every **sixty (60) days** thereafter.
7. The parties shall file a Joint Proposed Pretrial Order within **thirty (30) days** of the Court's resolution of dispositive motions filed after the close of discovery or, if no such motions are filed, on or before **November 1, 2024**.

Dated this 23rd day of April, 2024.

Honorable Rosemary Márquez
United States District Judge

- 7 -